*E-filed 11/8/05*

1  BARRY J. PORTMAN
   Federal Public Defender
2  JAY RORTY
   Assistant Federal Public Defender
3  160 West Santa Clara Street, Suite 575
   San Jose, CA  95113
4  Telephone:  (408) 291-7753

5  Counsel for Defendant HARVEY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00373 RMW (HRL) |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCOVERY OF CHILD PORNOGRAPHY |
| vs. | |
| EDWARD AARON HARVEY, JR, | |
| Defendant. | |

Edward Aaron Harvey, Jr., is charged with one count of Advertisement of Child pornography, 18 U.S.C. § 2252A(a)(3)(B)(i), one count of Transportation and Attempted Transportation of Child Pornography, 18 U.S.C. § 2252A(a)(1) and three counts of Money Laundering, 18 U.S.C. § 1956(a)(1)(A)(1).  The United States will produce to counsel for the defendant in this case a mirror image of all digital media that was seized from the defendant, including digital media that contains images of child pornography.  Pursuant to the child victim privacy provisions of 18 U.S.C. § 3509(d) and Federal Rule of Criminal Procedure 16, the parties stipulate, and the Court orders, that disclosure of these materials shall be subject to the following restrictions:

    1.         The United States will produce to counsel for the defendant in this case a mirror

STIPULATION AND PROTECTIVE ORDER       1

1  image of all digital media that was seized from the defendant, including digital media that
2  contains images of child pornography.  To the extent that sexually explicit images depicting
3  minors are not already captured in the digital media, the United States shall furnish hard copies
4  of those images.  The government may also choose to provide hard copies of images in order to
5  facilitate settlement discussions even though those images were seized in digital form.  The
6  digital media and hard copy images of child pornography will hereinafter be referred to together
7  as "restricted discovery."  The term "restricted discovery" refers only to that porton of discovery
8  that constitutes an image or images depicting a minor or minors engaged in sexually explicit
9  conduct as defined in Title 18 United States Code § 2256(1) & (2).  By entering into this
10 stipulation, the defense does not concede that any items of discovery constitutes sexually explicit
11 images depicting minors.
12         2.      Except when being actively examined for the purpose of the preparation of the
13 defense of defendant Edward Aaron Harvey, Jr., the restricted discovery produced by the United
14 States to the Federal Public Defender shall be maintained in this federal judicial district in a
15 locked, safe and secure drawer, cabinet, or safe which is accessible only to him, the Assistant
16 Federal Public Defender assigned to the case, and the FPD Computer Systems Administrator.
17         The following individuals may examine the identified restricted discovery:
18         a.      The Federal Public Defender and those permanent members of his staff who are
19                 assisting him in the investigation and preparation of this case;
20         b.      The defendant with a member of the Federal Public Defender staff present.
21         No other person shall examine the identified restricted discovery, nor shall any copies be
22 made of the identified restricted discovery without further order of this Court.  Examination of
23 the restricted discovery shall be done in a secure environment which will not expose the
24 materials to other individuals not listed above or permitted to examine the restricted discovery by
25 further order of the Court.
26         3.      If The Federal Public Defender determines that, other than those individuals

STIPULATION AND PROTECTIVE ORDER             2

1  described above in paragraph 3, additional individuals or experts are needed to review the
2  material he must obtain a further order of the Court before allowing any other individual to
3  review the material. Application for such order may be made *ex parte* and under seal.
4      4.    The restricted discovery shall not leave the State of California without further
5  order of the Court, the application for which may be made *ex parte* and under seal.
6      5.    The restricted discovery shall not be transported to defense expert or anyone
7  else, by way of the United States mail or other facility of interstate commerce without further
8  order of the Court, the application for which may be made *ex parte* and under seal.
9      6.    A copy of this order shall be maintained with the restricted discovery at all
10 times.
11     7.    No copies of any of the identified restricted discovery may be made without
12 further court order. The prohibition on copying includes (1) printing out images onto paper or
13 film and (2) duplicating the images in any digital format. This restriction in no way precludes the
14 defense from copying discovery not identified as restricted discovery.
15     8.    The computer from which the digital media will be accessed shall not be
16 connected to the Internet or to any other computer network.
17     9.    Any pleadings that include copies of any identified restricted discovery or
18 reveals the identity of any alleged minor victims shall be filed under seal.
19     10.    Within 10 court days of the judgment and sentencing hearing in this matter,
20 all material provided to defense counsel pursuant to this Order, and all other authorized copies, if
21 any, shall be returned to the United States. The United States shall destroy them. If the
22 defendant believes that he must maintain the material for any reason related to appeal, defendant
23 must seek authorization from the District Court within 10 days of sentencing and judgment in
24 this matter.
25     11.    All individuals who receive access to the materials produced by the
26 government pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a

STIPULATION AND PROTECTIVE ORDER    3

1  declaration acknowledging that they have reviewed the Order, that they understand its contents,
2  and that they agree to abide by the provisions within. The declaration shall further state clearly
3  that declarant understands that failure to abide by this Order may be punishable by contempt and
4  other sanctions by this Court and by state or federal criminal charges for possession or
5  dissemination of child pornography. Each such declaration shall be maintained by the office of
6  the Federal Public Defender subject to further court order.
7  IT IS SO STIPULATED

8  DATED:     October 20, 2005                 _____/S/_____
                                               JAY RORTY
9                                              Assistant Federal Public Defender

10
   DATED:     October 20, 2005                 _____/S/_____
11                                             ANGELA M. HANSEN
                                               Assistant Federal Public Defender
12

13 DATED:     October 26, 2005                 _____/S/_____
                                               SHAWNA YEN
14                                             Assistant United States Attorney

15

16

17

18 IT IS SO ORDERED:
   DATED: 11/7/05                              _____/s/ Howard R. Lloyd_____
19                                             HONORABLE ~~RICHARD SEEBORG~~
                                               United States Magistrate Judge
20

STIPULATION AND PROTECTIVE ORDER            4