United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD AARON HARVEY, JR.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 05-CR-00373-LHK-1<br>Case No. 16-CV-02674-LHK<br><br>**ORDER DENYING PETITIONER'S ORIGINAL, AMENDED, AND SECOND AMENDED RULE 60 MOTIONS**<br><br>Re: Dkt. Nos. 143, 147, 151<br>(05-CR-00373-LHK-1)[1]<br>Re: Dkt. Nos. 1, 3, 12<br>(16-CV-02674) |

Petitioner Edward Aaron Harvey, Jr. ("Petitioner"), proceeding *pro se*, has filed (1) a motion for relief "pursuant to Fed. R. Civ. P. 60(d)(3)," ECF No. 143; (2) an amended motion for relief "pursuant to Fed. R. Civ. P. 60(d)(3)," ECF No. 147; and (3) a "second amended motion for relief under Fed. R. Civ. P. 60(d)(3)." ECF No. 151. For the reasons set forth below, the Court construes Petitioner's motions as "second or successive" motions pursuant to 28 U.S.C. § 2255, and therefore DENIES Petitioner's motions for lack of jurisdiction because the Ninth Circuit Court of appeals has not authorized Petitioner to file any second or successive § 2255 motions.

---

[1] All docket entries in this Order are to Case No. 05-CR-00373-LHK unless otherwise noted.

1
Case No. 05-CR-00373-LHK-1
Case No. 16-CV-02674-LHK
ORDER DENYING PETITIONER'S ORIGINAL, AMENDED, AND SECOND AMENDED RULE 60 MOTIONS

## I.     BACKGROUND

### A. Petitioner's Guilty Plea and Sentencing

U.S. District Judge Ronald M. Whyte presided over Petitioner's underlying criminal case and first § 2255 motion. This case was reassigned to the undersigned judge because Judge Whyte assumed inactive status on November 1, 2016.

Pursuant to a written plea agreement executed on April 16, 2007, Petitioner pleaded guilty to (1) one count of advertisement of child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B) ("Count One"); (2) one count of transporting and shipping visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1) ("Count Two"); and (3) one count of possessing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) ("Count Three"). *See* ECF No. 67 at 1–3. Thereafter, Judge Whyte sentenced Petitioner to 144 months of imprisonment on each of Counts One and Two, and 120 months of imprisonment on Count Three, with all prison sentences to run concurrently. *See* ECF No. 85 at 2. Judge Whyte entered judgment against Petitioner on November 2, 2007. *See id.*

### B. Petitioner's First § 2255 Motion

On August 29, 2009, even though Petitioner had not yet filed a motion to set aside, correct, or vacate his sentence pursuant to 28 U.S.C. § 2255, Petitioner filed an application with the Ninth Circuit for leave to file a second or successive § 2255 motion. *See* ECF No. 102-1. On December 23, 2009, the Ninth Circuit noted that "Petitioner has not filed a previous motion under 28 U.S.C. § 2255," and therefore construed Petitioner's application as a § 2255 motion that "must be filed in the district court in the first instance." ECF No. 102. Consequently, the Ninth Circuit directed Petitioner's construed § 2255 motion (Petitioner's "first § 2255 motion") to be transferred "to the United States District Court for the Northern District of California." *Id.* Thereafter, on January 4, 2010, Petitioner's first § 2255 motion was entered on the docket for Case No. 05-CR-00373. *See id.*

Judge Whyte did not order the government to respond to Petitioner's first § 2255 motion. Instead, on January 25, 2011, Judge Whyte dismissed Petitioner's first § 2255 motion "pursuant to

2

Case No. 05-CR-00373-LHK-1
Case No. 16-CV-02674-LHK
ORDER DENYING PETITIONER'S ORIGINAL, AMENDED, AND SECOND AMENDED RULE 60 MOTIONS

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts," which allows district courts to dismiss a § 2255 motion without ordering the government to respond "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." ECF No. 126. In his January 25, 2011 dismissal order, Judge Whyte first noted that it was "difficult to follow [Petitioner's] reasoning and figure out what he claims the government did that entitles him to relief," and then stated that Petitioner appeared to be arguing that "(1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; and (3) the sentence is subject to collateral attack." *Id.* at 1–2. Finally, Judge Whyte concluded that Petitioner's first § 2255 motion should be dismissed "pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts" because Petitioner merely "cite[d] a multitude of legal propositions" without "offer[ing] any facts justifying relief." *Id.* at 2.

### C. Petitioner's Subsequent Rule 60 Motions

On May 16, 2016, Petitioner filed a motion "pursuant to Fed. R. Civ. P. 60(d)(3), for an order setting aside the judgment entered in [his underlying criminal] case on or about October 30, 2007." ECF No. 143 ("Mot.") at 1. Petitioner's motion (the "original Rule 60 motion") is based on the appointment affidavit of the Assistant United States Attorney ("AUSA") who prosecuted Petitioner on behalf of the government in Petitioner's underlying criminal case, Shawna Yen. Petitioner obtained a copy of Ms. Yen's appointment affidavit through a Freedom of Information Act ("FOIA") request and attached it to his Rule 60 motion. *See* Mot. ¶¶ 12–14; *id.* Exh. A. In the original Rule 60 motion, Petitioner points to several aspects of Ms. Yen's appointment affidavit that are purportedly indicative of wrongdoing by the government. First, Petitioner draws attention to the fact that, while Ms. Yen's appointment date is listed as September 22, 2002, the date on which Ms. Yen took her oath of office and executed an affidavit stating that she would not participate in any strike against the federal government is February 11, 2003—almost five months

3

Case No. 05-CR-00373-LHK-1
Case No. 16-CV-02674-LHK
ORDER DENYING PETITIONER'S ORIGINAL, AMENDED, AND SECOND AMENDED RULE 60 MOTIONS

after Ms. Yen's listed appointment date. Mot. Exh. A. Second, Petitioner points out that the position to which Ms. Yen was appointed is listed as "Shawna H. Yen," and not "Assistant United States Attorney." *Id.*

Petitioner argues in his original Rule 60 motion that these features of Ms. Yen's appointment affidavit show that Ms. Yen "was not authorized to represent the United States in" the underlying "criminal action against" Petitioner. Mot. ¶ 28. Specifically, Petitioner asserts that Ms. Yen was not authorized to prosecute Petitioner on behalf of the government because her appointment affidavit demonstrates that she (1) failed to file her oath of office "within 30 days after the effective date of [her] appointment," as required by 5 U.S.C. § 3332; and (2) failed to execute "within 60 days after accepting the office" of AUSA an affidavit affirming that she will not strike against the federal government, as required by 5 U.S.C. § 3333(a). Mot. ¶¶ 21–23. Further, Petitioner argues that even if Ms. Yen "did file an oath of office within 30 days of her alleged appointment or execute an affidavit [regarding striking against the federal government] within 60 days of accepting office, [Ms. Yen's] appointment, oath of office, and affidavit [are] still fatally defective because she cannot be lawfully appointed to the position of 'Shawna Yen' (herself) and legally represent the United States under color of law as an AUSA." *Id.* ¶ 24.

Petitioner's ultimate contentions in his original Rule 60 motion are that because Ms. Yen was allegedly "not authorized to represent the United States in" the underlying "criminal action against" Petitioner, (1) "the District Court was without jurisdiction over the [underlying criminal] case because the United States was not a party to the prosecution," Mot. ¶ 25; (2) "the Court was without subject-matter jurisdiction" over the underlying criminal case, *id.*; and (3) "Kevin V. Ryan, United States Attorney, together with Shawna Yen, purporting to be a lawfully appointed AUSA, committed fraud on this Court." *Id.* ¶ 28. Petitioner argues that his "judgment of conviction should be set aside" based on these grounds. *Id.*

On December 1, 2016, Petitioner filed an "amended motion for relief under Fed. R. Civ. P. 60(d)(3)." ECF No. 147 ("AM") at 1. This motion (the "amended Rule 60 motion") is materially

4

identical to Petitioner's original Rule 60 motion—it seeks "relief from" Judge Whyte's "November 2, 2007" "order entering judgment of conviction" against Petitioner based on the same grounds and the same features of Ms. Yen's appointment affidavit. AM at 1.

Thereafter, on July 12, 2017, Petitioner filed a "second amended motion for relief under Fed. R. Civ. P. 60 (d)(3)." ECF No. 151 ("SAM") at 1. In this motion (the "second amended Rule 60 motion"), Petitioner purports to seek "relief from" Judge Whyte's January 25, 2011 "order denying [Petitioner's] 25 U.S.C. § 2255 motion." *Id.* However, like his other Rule 60 motions, Petitioner's second amended Rule 60 motion seeks relief based on Ms. Yen's purportedly unauthorized representation of the government in Petitioner's underlying criminal case, as demonstrated by Ms. Yen's appointment affidavit. *See* SAM at 2–3. Specifically, in his second amended Rule 60 motion, Petitioner argues that Ms. Yen's allegedly unauthorized representation of the United States amounted to "fraud committed on the court." *Id.* at 1. Further, Petitioner asserts that this alleged "fraud was material to" Judge Whyte's dismissal of Petitioner's first § 2255 motion "because the Court was without jurisdiction over the parties [and] the subject-matter *ab initio*"—that is, from the very beginning of the government's criminal prosecution of Petitioner. SAM at 1.

On August 14, 2017, the Court issued an order directing the government to respond. ECF No. 156. Thereafter, government filed its Opposition on October 30, 2017, ECF No. 163 ("Opp."), and Petitioner filed a Reply on November 29, 2017. ECF No. 164 ("Reply").

**II.    DISCUSSION**

The government raises a number of arguments in its Opposition to Petitioner's Rule 60 motions. Specifically, the government argues that Petitioner's Rule 60 motions should be denied because (1) Petitioner "waived his right to file collateral attacks" in his plea agreement, Opp. at 3; (2) the Court should construe Petitioner's motions as "having been made pursuant to 28 U.S.C. § 2255," and should therefore deny Petitioner's motions for lack of jurisdiction because Petitioner "did not first obtain permission from the" Ninth Circuit to file the motions, *id.* at 3–5; (3)

Petitioner's motions were "not filed within one year of the date that [Petitioner] became aware of the facts supporting" the motions, *id.* at 5–6; and (4) "courts have long held that acts of public officers are not voided because of the lack of an oath." *Id.* at 6–7.

The Court agrees with the government's second argument. For the reasons stated below, the Court construes Petitioner's original, amended, and second amended Rule 60 motions as second or successive § 2255 motions, and thus the Court must deny these motions for lack of jurisdiction. As a result, the Court need not address the government's other arguments.

A convicted federal criminal defendant may, subject to certain time limits, file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and may claim "the right to be released" in the § 2255 motion based "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, "[a] petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2255(h) provides further:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Reading these statutes together, the Ninth Circuit has determined that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate [from the Ninth Circuit] authorizing the district court to do so." *Alaimalo v.*

6

*United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

When a convicted federal criminal defendant who has already litigated a § 2255 motion files a subsequent motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60, the district court may, in some circumstances, be required to construe the defendant's Rule 60 motion as a second or successive § 2255 motion, which in turn would deprive the district court of jurisdiction to adjudicate the motion if the defendant has not obtained the necessary authorization from the Ninth Circuit. Specifically, when a defendant who has already litigated a § 2255 motion subsequently files a Rule 60 motion, the district court must construe the Rule 60 motion as a second or successive § 2255 motion if the Rule 60 motion "does not challenge the integrity of the federal [§ 2255] habeas proceeding, but rather challenges his original conviction and sentence." *Todd v. United States*, 2012 WL 5351845, at *2 (W.D. Wash. Oct. 29, 2012); *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (stating that a Rule 60 motion need not be construed as a § 2255 motion if it attacks "some defect in the integrity of the federal habeas proceedings"). Relatedly, when a defendant who has already litigated a § 2255 files a subsequent Rule 60 motion alleging "fraud on the court," the district court need not construe the motion as a second or successive § 2255 motion if "'the alleged fraud on the court relates *solely* to fraud perpetrated on the federal habeas court'" during the adjudication of the defendant's prior § 2255 motion. *United States v. Montalvo*, 2013 WL 5705711, at *2 (E.D. Cal. Oct. 16, 2013) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)). On the other hand, "[i]f the alleged fraud on the habeas court includes or implies fraud in the underlying [criminal] proceeding, 'then the [Rule 60] motion will ordinarily be considered a second or successive [§ 2255] petition.'" *Id.* (quoting *Spitznas*, 464 F.3d at 1216)).

In the instant case, as discussed above, Petitioner previously filed a § 2255 motion in 2010, and Judge Whyte dismissed that motion in 2011. ECF No. 126. Further, Petitioner's original and amended Rule 60 motions do not even mention—let alone "challenge the integrity of"—Judge Whyte's adjudication of Petitioner's first § 2255 motion. *Todd*, 2012 WL 5351845 at *2. Instead,

7
Case No. 05-CR-00373-LHK-1
Case No. 16-CV-02674-LHK
ORDER DENYING PETITIONER'S ORIGINAL, AMENDED, AND SECOND AMENDED RULE 60 MOTIONS

Petitioner's original and amended Rule 60 motions only "challenge[] [Petitioner's] original conviction and sentence." *Id.* In particular, Petitioner's original Rule 60 motion requests that this Court "set aside [Petitioner's] judgment of conviction" in his underlying criminal case, Mot. at 9, and therefore the motion challenges the criminal judgment that Judge Whyte entered against Petitioner on November 2, 2007. *See* ECF No. 85. Similarly, Petitioner's amended Rule 60 motion seeks relief from Judge Whyte's "order entering judgment of conviction on November 2, 2007." AM at 1.

Because Petitioner's original and amended Rule 60 motions make no mention of Petitioner's "federal habeas proceeding"—that is, Judge Whyte's adjudication of Petitioner's first § 2255 motion—and instead only challenge Petitioner's "original conviction and sentence," the Court must construe Petitioner's original and amended Rule 60 motions as second or successive § 2255 motions. *Todd*, 2012 WL 5351845 at *2. Further, the Ninth Circuit has not issued any certificates authorizing Petitioner to file these second or successive § 2255 motions. As a result, in the absence of the requisite Ninth Circuit authorization, this Court does not have jurisdiction to consider Petitioner's original and amended Rule 60 motions, which the Court construes as second or successive § 2255 motions. *See Alaimalo*, 645 F.3d at 1054 ("A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate [from the Ninth Circuit] authorizing the district court to do so.").

In an apparent attempt to circumvent the jurisdictional bar relating to unauthorized second or successive § 2255 motions, Petitioner employs a different tactic in his second amended Rule 60 motion. Specifically, although Petitioner's second amended Rule 60 motion is based on the same exact purported wrongdoing as Petitioner's original and amended Rule 60 motions—specifically, Ms. Yen's allegedly unauthorized prosecution of Petitioner on behalf of the federal government—Petitioner's second amended Rule 60 motion is different in that it seeks relief from Judge Whyte's "order denying [Petitioner's first] 28 U.S.C. § 2255 motion." SAM at 1. In this way, Petitioner attempts to frame his second amended Rule 60 motion as an "attack[]" on "some defect in the

integrity of [his] federal habeas proceedings" in order to protect the motion from being construed as a second or successive § 2255 motion. *Gonzalez*, 545 U.S. at 532.

However, Petitioner's transparent attempt to evade the "second or successive" bar is unavailing, because it is clear that Petitioner's second amended Rule 60 motion is in substance a challenge to Petitioner's "original conviction and sentence," and not to the "integrity of [his] federal habeas proceeding." *Todd*, 2012 WL 5351845 at *2. As the Court noted above, Petitioner's second amended Rule 60 motion is based on the same exact alleged wrongdoing as his original and amended Rule 60 motions—Ms. Yen's purportedly unauthorized criminal prosecution of Petitioner on behalf of the federal government. *See* SAM at 2–3. Importantly, this alleged misconduct only occurred during Petitioner's underlying criminal proceeding, and not during Petitioner's federal habeas proceeding. Put another way, the central theory of Petitioner's second amended Rule 60 motion is that Ms. Yen's allegedly unauthorized prosecution of Petitioner amounted to fraud on the Court by the government, *see* SAM at 1, but none of that fraud could have possibly been committed by the government during Petitioner's federal habeas proceeding because the government had no involvement in the adjudication of Petitioner's first § 2255 motion. As the Court explained above, the government did not file any opposition to Petitioner's first § 2255 motion because Judge Whyte never ordered the government to respond to Petitioner's first § 2255 motion. Instead, Judge Whyte dismissed Petitioner's first § 2255 without opposition briefing from the government "pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts," which allows district courts to dismiss a § 2255 motion without ordering the government to respond "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." ECF No. 126. Thus, because the fraud alleged in Petitioner's second amended Rule 60 motion could not have been committed during Petitioner's federal habeas proceeding, Petitioner's second amended Rule 60 motion does not actually "attack[]" any "defect in the integrity of [Petitioner's] federal habeas proceeding." *Gonzalez*, 545 U.S. at 532. Instead, like Petitioner's

9

Case No. 05-CR-00373-LHK-1
Case No. 16-CV-02674-LHK
ORDER DENYING PETITIONER'S ORIGINAL, AMENDED, AND SECOND AMENDED RULE 60 MOTIONS

original and amended Rule 60 motions, Petitioner's second amended Rule 60 motion asserts, for all intents and purposes, a "defect in the integrity of" his underlying criminal case based on Ms. Yen's allegedly unauthorized criminal prosecution of Petitioner on behalf of the United States. *Id.* As such, Petitioner's second amended Rule 60 motion is properly construed as a second or successive § 2255 motion.

Indeed, this point is underscored by Petitioner's own representations in his second amended Rule 60 motion. In that motion, Petitioner asserts that the fraud stemming from Ms. Yen's allegedly unauthorized prosecution of Petitioner "was material to [Judge Whyte's] ruling on Petitioner's [first] § 2255 motion . . . because the Court was without jurisdiction over the parties or the subject-matter *ab initio*"—that is, from the very beginning of the government's criminal prosecution of Petitioner. SAM at 1. In other words, according to Petitioner, the only relevance that the government's alleged fraud has to Petitioner's federal habeas proceeding is that because of the government's alleged fraud, the Court never had jurisdiction to enter a criminal judgment against Petitioner in the first place, and therefore Petitioner should never have had to challenge any criminal judgment via a federal habeas proceeding. Thus, it is clear that the government's alleged fraud only *directly* implicates the integrity of Petitioner's underlying criminal case; any effect that the alleged fraud had on the integrity of Petitioner's subsequent federal habeas proceeding was entirely derivative of its impact (if any) on Petitioner's underlying criminal proceeding. As a result, in substance, Petitioner's second amended Rule 60 motion challenges Petitioner's "original conviction and sentence," but not "the integrity of [Petitioner's subsequent] federal habeas proceeding." *Todd*, 2012 WL 5351845 at *2.

Further, and in any event, even if the fraud alleged in Petitioner's second amended Rule 60 motion does implicate the integrity of Petitioner's federal habeas proceeding to some extent, it is beyond dispute that the alleged fraud does not "'relate[] *solely* to fraud perpetrated on the federal habeas court.'" *Montalvo*, 2013 WL 5705711 at *2 (quoting *Spitznas*, 464 F.3d at 1216). Instead, the fraud alleged in Petitioner's second amended Rule 60 motion also—indeed, primarily—

10

"includes or implies fraud in [Petitioner's] underlying [criminal] proceeding" because it stems from Ms. Yen's allegedly unauthorized prosecution of Petitioner on behalf of the federal government. *Id.* As a result, the Court concludes that Petitioner's second amended Rule 60 motion is properly "'considered a second or successive [§ 2255] petition.'" *Id.* (quoting *Spitznas*, 464 F.3d at 1216). Additionally, as the Court explained above, because the Ninth Circuit has not issued a certificate authorizing Petitioner to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's second amended Rule 60 motion. *See Alaimalo*, 645 F.3d at 1054 ("A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate [from the Ninth Circuit] authorizing the district court to do so.").

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's original, amended, and second amended Rule 60 motions for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: August 30, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge